Koutsoudakis & Iakovou Law Group PLLC
Ralph E. Preite
40 Wall Street, 49th Floor
New York, New York 10005
(212) 404-8608
*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| WB MAINTENANCE & DESIGN GROUP INC., | Case No.: 1-22-41759-(jmm) |
| Debtor. | (Proposed for Joint Administration) |

---------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT**
**ADMINISTRATION OF THE DEBTOR'S CHAPTER 11 CASE AND (II) GRANTING**
**RELATED RELIEF**

The above-captioned debtor and debtor in possession (collectively, the "Debtor") in

this chapter 11 case (the "Chapter 11 Case") hereby submit this motion (the "Motion") for the

entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (i)

directing the joint administration of the Debtor's Chapter 11 Case and (ii) granting related relief.

In support of this Motion, the Debtor relies on the Declarations of its authorized agent, in

compliance with Local Rule 1007-4 ("Local Rule Affidavit"). In further support of this Motion,

the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the Eastern District of New York (this "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

Standing Order of Reference from the United States District Court for the Eastern District of

New York, dated December 5, 2012.  This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 105(a), 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 1007, 1015(b) and Rule 9013-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules").

4.  On July 22, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code with the Court.  The Debtor continues to operate its businesses as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

5.  A description of the Debtor and the reasons for filing the Chapter 11 are set forth in the Local Rule Affidavit accompanying the petition, which is incorporated by reference.

## Background

6.  This Chapter 11 Case is one of five related cases, (the "Chapter 11 Cases"). The five debtors ("Debtors") are general construction companies, three[1] of which exist in New York, and two of which were New York corporations that were dissolved in or prior to 2018[2] as set forth in the following table:

| Debtor | Formed or Dissolved | Status |
|---|---|---|
| WB Maintenance Inc. | formed 12/5/2017 | operational |
| Go Pro Maintenance Inc. | formed 2/10/2020 | operational |
| W.B. Maintenance & Repair Corp. | formed 4/24/2014 | license holder |
| W.B. & Son Construction Corp | dissolved June 29, 2016 | defunct |
| WB Maintenance & Design Group Inc. | dissolved Nov 2, 2018 | defunct |

---

[1] The three existing non-dissolved debtors are, WB Maintenance Inc. formed 12/5/2017, Go Pro Maintenance Inc., formed: 2/10/2020, and W.B. Maintenance & Repair Corp. formed: 4/24/2014.

[2] W.B. & Son Construction Corp. was dissolved June 29, 2016, and WB Maintenance & Design Group Inc. was dissolved November 2, 2018.

7.   The two dissolved Debtors are the named defendants in a case titled <u>Arevalo Fajardo et al</u>

<u>v. WB Maintenance & Design Group Inc. et al</u> pending in the United States District Court,

Eastern District of New York bearing index no: 1:21-cv-5263 commenced by twelve (12) former

employees alleging they are owed unpaid wages ("FLSA Case"). The three non-dissolved

Debtors have or have had employees, who may assert wage claims but have not to date.

8.   Debtors desire to reorganize and restructure their liabilities including those claims which

may be asserted by potential unnamed wage and hour claimants, all of which are disputed, and in

that regard, the Debtors have filed these Chapter 11 Cases to effect an orderly reorganization and

distribution of assets to their legitimate creditors. Because the Debtors face litigation commenced

by twelve (12) plaintiffs with disputed claims, and potentially others, a centralized forum is

necessary to fairly and expeditiously resolve any potential liabilities and to ensure that the

Debtors' assets are distributed in an efficient and equitable manner.  This Court can manage the

litigation in a singular, centralized forum to unshackle the Debtors from the burdens of the FLSA

Case and the specter of employees who may assert wage claims but have not to date.

### The Joint Administration of the Chapter 11 Cases Should be Authorized

9.   By this Motion, the Debtors request entry of an order, in the form attached as **<u>Exhibit A</u>**,

(i) directing joint administration of the Debtors' Chapter 11 Cases and (ii) granting related relief.

10. The Debtors seek procedural consolidation and joint administration of the Chapter 11

Cases and related relief.  Specifically, the Debtors request that the Court maintain one file and one

docket for all of the jointly-administered cases under the case of WB Maintenance Inc., and that

the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re:                                                          Chapter 11

                                                                Subchapter V

WB MAINTENANCE INC., *et al.*,

                                                                Case No.: 1-22-41755-(jmm)

                                        Debtors.[3]             (Jointly Administered)

-----------------------------------------------------------x

11. The Debtors further request that the Court order that the foregoing caption satisfies the

requirements set forth in section 342(c)(1) of the Bankruptcy Code.

12. The Debtors also request that a docket entry, substantially similar to the following, be

entered on the docket of each of the Debtor's cases other than the case of WB Maintenance Inc.:

> An order has been entered in accordance with Rule 1015(b)
> of the Federal Rules of Bankruptcy Procedure directing joint
> administration of the chapter 11 cases of: Go-Pro
> Maintenance Inc., WB Maintenance and Repair Group, W.B.
> & Son Construction Corp., WB Maintenance & Design
> Group Inc., and All further pleadings and other papers shall
> be filed in, and all further docket entries shall be made in,
> Case No. 1-22-41755-(jmm).

13. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions

are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a

joint administration of the estates." Fed. R. Bankr. P. 1015. Moreover, section 105(a) of the

Bankruptcy Code provides the Court with the power to grant the relief requested herein by

permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's employer identification number are: W.B. & Son Construction Corp. (6909); WB Maintenance & Design Group Inc. (7375); WB Maintenance Inc. (2958); WB Maintenance and Repair Group (1003); and Go-Pro Maintenance Inc. (4160).

14. The Debtors in these Chapter 11 Cases are affiliated in part, despite their formal independent entity status. These five entities are related in so far as they have or may have wage and hour claims asserted against them by individuals who allegedly worked for some of the five entities, and the entities are or were owned by different members of the Briceno family. Therefore, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

15. As a result, many of the motions, hearings, and orders that will arise in the Chapter 11 Cases will affect each and every Debtor.

16. Additionally, joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings, objections and hearings, relieve the Court of the burden of maintaining numerous dockets, entering duplicative files, and will also allow the Office of the United States Trustee and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

17. Further, to the extent Debtors have respective constituencies which differ, joint administration will not adversely affect these respective constituencies, because the Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  If applicable, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors, if any, will be preserved pending confirmation of a Plan, and the Debtors will maintain separate records of assets and liabilities.

18. Parties in interest will therefore not be harmed by the relief requested, but, instead, will benefit from the cost savings associated with the joint administration of the Chapter 11 Cases.

Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

19. The relief sought in this Motion is solely procedural, is not intended to affect substantive rights, and is commonly granted by this Court. *See, e.g., In re East Coat TVs Inc*., Case No. 18-40765 (ESS) [D.I.22] (Bankr. E.D.N.Y. Feb.16, 2018) (order directing joint administration of chapter 11 cases); *In re E & J Macon LLC*, Case No. 18-40321 (NHL) [D.I. 15] (Bankr. E.D.N.Y. Jan. 31, 2018) (same); *In re Bracha Cab Corp*., Case No. 17-46613 (NHL) [D.I. 16] (Bankr. E.D.N.Y. Jan. 19, 2018) (same); *In re Avenica Inc*., Case No. 17-41813 (ESS) [D.I. 123] (Bankr. E.D.N.Y. Aug 15, 2017) (same); *In re Acme American Reparis, Inc*., Case No. 17- 42978 (NHL) [D.I. 42] (Bankr. E.D.N.Y. Aug. 4, 2017) (same); *In re Courtland Habitats, Inc. f/k/a Sunny Habitats, Inc*., Case No. 17-71523 (AST) [D.I. 57] (Bankr. E.D.N.Y. July 21, 2017).

## Notice

20. Notice of this Motion has been provided to (a) the Office of the United States Trustee for the Eastern District of New York; (b) counsel for the plaintiffs in the FLSA Case via electronic mail; (c) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (no party has filed a notice of appearance as of today); and (d) all entities believed to have or be claiming an interest in the subject matter of the Order or who, it is believed, otherwise would be affected by the Order.

21. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## No Prior Request

22. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested and such other and further relief as is just and proper.

Dated:  New York, New York
   July 27, 2022

             **KOUTSOUDAKIS & IAKOVOU**
             **LAW GROUP, PLLC**

             By: _____
                Ralph E. Preite
             40 Wall Street, 49th Floor
             New York, NY 10005
             Tel: (212) 404-868
             Email: ralph@kilegal.com

             *Proposed Counsel to the Debtor and*
             *Debtor-in-Possession*

# Exhibit A

Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| In re: | Chapter 11 |
|---|---|
| | Subchapter V |
| WB MAINTENANCE & DESIGN GROUP INC., | Case No.: 1-22-41759-(jmm) |
| Debtor. | (Proposed for Joint Administration) |

-----------------------------------------------------------x

**[PROPOSED]**
**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTOR'S CHAPTER
11 CASES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion dated July 27, 2022 (the "Motion") of the above-
captioned debtor and debtor in possession (the "Debtor") in its chapter 11 case (the "Chapter 11
Case") for entry of an order (this "Order"), (i) authorizing and directing the joint administration
of the Debtor's Chapter 11 Case with those of related entities (collectively, the "Debtors"), and
(ii) granting related relief pursuant to sections 105(a), 1107(a) and 1108 of the Bankruptcy Code,
Bankruptcy Rules 1007, 1015(b) and Local Bankruptcy Rule 9013-1, all as more fully set forth
in the Motion; and upon the Local Rule 1007-4 Affidavits submitted by each Debtor in their
respective cases and in support of the Motion; and the Motion having complied with Local
Bankruptcy Rule 9013-1; and due and proper notice of the Motion having been given; and it
appearing that no other or further notice of the Motion is required; and it appearing that the Court
has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the
Amended Standing Order of Reference from the United States District Court for the Eastern
District of New York, dated December 5, 2012; and it appearing that this is a core proceeding
pursuant to 28 U.S.C. § 157(b)(2); and the Court may enter a final order consistent with Article
III of the United States Constitution; and it appearing that venue of this proceeding and the

1

Motion is proper pursuant to 28 U.S.C. § § 1408 and 1409; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is granted on a final basis to the extent set forth herein; and it is further

**ORDERED** that the above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 1-22-41755-JMM;

**ORDERED** that the caption for such cases as consolidated under the terms hereof shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re:                                                             Chapter 11

                                                                   Subchapter V
WB MAINTENANCE INC., *et al.,*
                                                                   Case No.: 1-22-41755-JMM

                                        Debtors.[1]                (Jointly Administered)
----------------------------------------------------------x

**ORDERED** that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's employer identification number are: W.B. & Son Construction Corp. (6909); WB Maintenance & Design Group Inc. (7375); WB Maintenance Inc. (2958); WB Maintenance and Repair Group (1003); and Go-Pro Maintenance Inc. (4160).

**ORDERED** that a docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors' cases other than WB Maintenance Inc., to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: Go-Pro Maintenance Inc., WB Maintenance and Repair Group, W.B. & Son Construction Corp., WB Maintenance & Design Group Inc., and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 1-22-41755-(JMM).

and it is further

**ORDERED** that one consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Court; and it is further

**ORDERED** that the Debtors shall file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Office of the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation; and it is further

**ORDERED** that nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases; and it is further

**ORDERED** that notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice; and it is further

**ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED** that the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; and it is further

**ORDERED** that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.